# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: 3:16-CV-02512-D |
| FAMILIES IN SCHOOLS | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF HEARING

Comes now Plaintiff Springboards to Education, Inc. and provides record notice of hearing as follows.  The attached Plaintiff's Motion for Entry of No-Answer Default Judgment and Motion to Set Hearing, filed March 24, 2017, (Docket 15) is set for hearing on Friday, April 28, 2017, at 3:30 p.m.

Dated: April 3, 2017

Respectfully Submitted,

**DELEON LAW GROUP PC**

**RUBEN C. DELEON**
**STATE BAR NO. 00790577**
**15851 DALLAS PARKWAY, SUITE 600**
**ADDISON, TEXAS 75001**
**TELEPHONE: 214-561-8687**
**FACSIMILE:   877-488-8983**
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, hereby certify that on April 3, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:  Albert Davis, afd@davis-iplaw.com, al@afdavislaw.com

**RUBEN C. DELEON**
**STATE BAR NO. 00790577**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
|     Plaintiff, | § | |
| | § | |
|   v. | § | |
| | § | CIVIL ACTION NO.: 3:16-CV-02512-D |
| FAMILIES IN SCHOOLS | § | |
| | § | |
|     Defendants. | § | |
| | § | |

## PLAINTIFF'S MOTION FOR ENTRY OF
## NO-ANSWER DEFAULT JUDGMENT AND MOTION TO SET HEARING

Comes now Plaintiff Springboards to Education, Inc. ("Springboard", "Springboards" or "Plaintiff") and respectfully requests that the Court enter a final default judgment against Defendant, as authorized by Federal Rule of Civil Procedure 55, without the necessity of a hearing. In support thereof, Plaintiff shows as follows:

## MOTION FOR DEFAULT JUDGMENT

1.     Plaintiff is Springboards to Education, Inc., a corporation organized and existing under the laws of the State of Texas. Defendant is Families in Schools, a foreign corporation whose founding president was executive director of the Educational Service Center in Texas.

2.     On August 31, 2016, plaintiff filed Plaintiff's Complaint. (Dkt. 1.). On October 19, 2016, Defendant was served with a summons and a copy of Plaintiff's

Affidavit in support of Motion for Default Judgment         PAGE 1

Complaint by hand delivery to Mr. Oscar Cruz, who is designated by law to accept service of process on behalf of Defendant. (Dkt. 8.). A copy of the return of service is attached as Exhibit A.

3. The deadline for Defendant to file an answer or otherwise respond was due on or before November 9, 2016.

4. Defendant, though properly served, has failed to answer within the time allowed by the Federal Rules of Civil Procedure, and thus has indicated it is bound by any judgment entered in this matter. Under Federal Rule of Civil Procedure 12, once a Plaintiff effects service of process, the Defendant must answer the Complaint or risk default.

5. On January 23, 2017, the Court ordered Plaintiff to move for entry of a default and a default judgment. (Dkt. 9.).

6. Defendant did not file a responsive pleading; and instead filed correspondence (Dkt. 10), however, the Court "decline[d] to take action on any request made in the [correspondence]" because the "relief defendant seeks must be requested by appropriate motion." (Dkt. 11.).

7.     Defendant did not file a procedurally proper pleading or any filing to defend against the suit.  (*See supra* at 2 ¶4.).

8.     On February 22, 2017, the Clerk entered a default against defendant.  A copy of the entry of default is attached as Exhibit D.

9.     Plaintiff now asks the Court to enter a default judgment.

## ARGUMENT

10.     A defendant's failure to respond is considered an admission of "plaintiff's well-pleaded allegations of fact" that relate to liability, but not damages, *infra* at 17 ¶¶ 21-22.  *J&J Sports Prods., Inc. v. Sandoval*, 2016 WL 1390025, at \*2 (W.D. Tex. Apr. 7, 2016) (citing *Jackson v. FIE Corp*., 302 F.3d 515, 524–25 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

11.     Entry of a default judgment should be made when (1) the defendant defaulted for failure to appear, (2) the defendant is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency, and (3) the damages are a sum certain or can be made certain by computation. *See* 50 U.S.C. App. §521(b)(1); FED. R. CIV. P. 55(a), (b)(1), (d); *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

Affidavit in support of Motion for Default Judgment                    PAGE 3

12.     Plaintiff is entitled to a default judgment on liability and damages. Defendant, although having been duly served by Plaintiff has failed to defend.

13.     The Court should enter a default against Defendant because Defendant did not file a responsive pleading within 21 days after October 19, 2016, the date of service. FED. R. CIV. P. 12(a)(1)(A)(i); *see* FED. R. CIV. P. 55(a).  By defaulting, Defendant admits Plaintiff's allegations, and therefore the Court may accept all factual allegations relating to liability as true.  *Sandoval*, 2016 WL 1390025 at *2 (citing *Jackson*, 302 F.3d at 525).

14.     The Court should enter a default against Defendant because Defendant did not otherwise defend the suit. FED. R. CIV. P. 55(a).  Defendant did not file a motion to dismiss.  Defendant did not file any other pleading in defense of the claims.

15.     Defendant filed correspondence and thereby made an appearance in the suit but such correspondence was rejected by the Court.  (Dkt. 11.).

16.     Plaintiff meets the procedural requirements for obtaining an entry of default judgment as demonstrated by Ruben C. DeLeon's sworn affidavit, attached as Exhibit B.

17.     Defendant is not a minor or an incompetent person; Defendant is an entity.

18.  Defendant, is not in military service. *See* 50 U.S.C. App. §521(b)(1).  An affidavit of defendant's military status is attached as Exhibit E.

19.  Therefore, it is appropriate based on the allegations in the Complaint and subsequent default by Defendant for the Court to find the following:

Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114:

a.  The registrations embodying the Springboard brand and Trademarks is in full force and effect, and the Springboard brand and Trademarks is entitled to protection under both federal law and common law.

b.  Defendant, without authorization from Springboard, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Springboard brand and Trademarks in interstate commerce.

c.  The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion and to deceive consumers, the public, and the trade into believing that Defendant's Counterfeit Products are genuine or authorized products of Springboard.

Affidavit in support of Motion for Default Judgment                    PAGE 5

d. Defendant has acted with knowledge of Springboard's ownership of the Springboard brand and Trademarks and with deliberate intention or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the Springboard brand and Trademarks.

e. Defendant has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

f. Defendant will continue its infringing acts, unless restrained by this Court.

g. Defendant's acts have damaged and will continue to damage Springboard, and Springboard has no adequate remedy at law.

h. Springboard is entitled to injunctive relief prohibiting Defendant from using the Springboard brand and Trademarks that is identical, substantially indistinguishable, and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Springboard has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages

pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.0 §

1117(c).

Defendant's use of the Springboard brand constitutes trademark infringement under 15

U.S.C. § 1114. Defendant's use of the Springboard brand and Trademarks is without

Springboard's permission or authority and is in total and willful disregard of Springboard's

rights to control its trademarks; Defendant's unauthorized use of the Springboard brand

and Trademarks in interstate commerce and advertising of the same constitutes false

designation of origin and a false representation that the goods and services are

manufactured, offered, sponsored, authorized, licensed by or otherwise connected with

Springboard or come from the same source as Springboard and are of the same quality as

goods bearing the Springboard brand and Trademarks.

    i. The Springboard brand and Trademarks are nationally recognized, as being

affixed to goods and merchandise of the highest quality and originating with

Springboard.

    j. The registration embodying the Springboard brand and Trademarks is in full

force and effect, and entitled to protection under both federal law and common law.

k. Defendant's activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Springboard has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Springboard.

l. Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Springboard and reap the benefit of Springboard's goodwill associated with the Springboard brand and Trademarks.

m. As a direct and proximate result of Defendant's willful and unlawful conduct, Springboard has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained by this Court from infringing the Springboard brand and Trademarks.

n. Defendant's acts have damaged and will continue to damage Springboard, and Springboard has no adequate remedy at law.

o. Springboard is entitled to injunctive relief prohibiting Defendant from using the Springboard brand and Trademarks or any marks identical and/or confusingly

similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Springboard has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.0 § 1117(c).

Defendant's conduct constitutes false designations of origin and false descriptions under 15 U.S.C. § 1125(a).

p. The Springboard brand and Trademarks are nonfunctional, inherently distinctive, and have achieved a high degree of consumer recognition and serve to identify Springboard as the source of high- quality goods to which the Springboard brand and Trademarks are well known and have gained fame across the country.

q. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely, to cause such parties to believe, in error,

that the Defendant's Counterfeit Products have been authorized, sponsored, approved, endorsed or licensed by Springboard, or that Defendant is in some way affiliated with Springboard.

r. Defendant's use of the Springboard brand and Trademarks is without Springboard's permission or authority and is in total and willful disregard of Springboard's rights to control the Springboard brand and Trademarks.

s. Defendant's acts have damaged and will continue to damage Springboard and Springboard has no adequate remedy at law.

t. Springboard is entitled to injunctive relief prohibiting Defendant from using the Springboard brand and Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Springboard has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22, as well as the costs of this action.

Defendant's conduct constitutes trademark dilution under 15 U.S.C. § 1125(e).

u.  The Springboard brand and Trademarks are strong and distinctive marks and have achieved notoriety and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

v.  Defendant used, in commerce, in connection with the sale of the Counterfeit Products, unauthorized reproductions of the Springboard brand and Trademarks, which are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Springboard, or as to the origin, sponsorship, or approval of said Counterfeit Products by Springboard.

w.  Defendant's acts described above have diluted and continue to dilute the unique and distinctive Springboard brand and Trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Springboard, causing damage to Springboard in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22, as well as irreparable injury to the goodwill and reputation associated with the Springboard brand and Trademarks.

x.  Defendant's unlawful actions began after the Springboard brand and Trademarks became famous.

y. Defendant acted knowingly, deliberately and willfully with the intent to trade on the reputation of Springboard, and to dilute the Springboard brand and Trademarks. Defendant's conduct is willful, wanton, and egregious.

z. Springboard has no adequate remedy at law to compensate Springboard fully for the damages that have been caused and which will continue to be caused to Springboard by Defendant's unlawful acts unless they are enjoined by this Court.

aa. Springboard is entitled to injunctive relief prohibiting Defendant from using the Springboard brand and Trademarks, and to recover all damages, including attorneys' fees, that Springboard has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22, as well as the costs of this action.

Defendant's conduct violates Texas' Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103.

bb. The Springboard brand and Trademarks are claimed and explained as set forth above.

cc. Due to Springboard's extensive sales of products bearing the Springboard brand and Trademarks, and significant marketing and promotional activities of the Springboard brand and Trademarks, the Springboard brand and Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

dd. Through Springboard's prominent, long and continuous use in commerce, including commerce within Texas, the Springboard brand and Trademarks have become and continue to be famous and distinctive.

ee. Springboard's arbitrary and distinctive Springboard brand and Trademarks identify Springboard as the source/origin of the goods on which they appear.

ff. After the Springboard brand and Trademarks became famous, Defendant, without authorization from Springboard, began using marks that are confusingly similar to the Springboard brand and Trademarks. Defendant's use of unauthorized reproductions of the Springboard brand and Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Springboard's products. Defendant's unlawful use of the Springboard brand and Trademarks in connection with their inferior products also is

likely to tarnish the Springboard brand and Trademarks and cause blurring in the minds of consumers between Springboard and Defendant, thereby lessening the value of the Springboard brand and Trademarks as unique identifiers of Springboard's products.

gg. By the acts described above, Defendant caused and will continue to cause irreparable injury to Springboard's goodwill and business reputation, in violation of the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103.

hh. The acts of Defendants (*supra* sub-¶ bb.-gg.) were committed willfully, with full knowledge of Springboards' rights and with the intention of deceiving and misleading the public and causing harm to Springboards.

ii. As a direct and proximate result of Defendant's unlawful acts, Springboards has suffered and will continue to suffer damages in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22.

jj. Springboard is entitled to injunctive relief prohibiting Defendants from using the Springboard brand and Trademarks, and to recover all damages, including attorneys' fees, that Springboard has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged

above in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22, and the costs of this action.

Defendants' acts constitute trademark infringement in violation of the common law of the State of Texas.

kk. Springboard owns all rights, title, and interest in and to the Springboard brand and Trademarks, including all common law rights in such marks.

ll. Defendant, without authorization from Springboard, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Springboard brand and Trademarks.

mm. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Counterfeit Products originate from, or are affiliated with, sponsored by, or endorsed by Springboard.

nn. Defendant profited from it's unlawful actions and has been unjustly enriched to the detriment of Springboard. Defendant's unlawful actions have caused

Springboard damage in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22.

oo. Springboard has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

pp. Springboard has no adequate remedy at law.

Defendant engaged in unfair competition in violation of the common law of the State of Texas.

qq. Defendant's unlawful acts are causing great and irreparable injury to Springboard, and will continue to irreparably harm Springboard unless enjoined.

rr. Defendant profited from it's unlawful actions and have been unjustly enriched to the detriment of Springboard. Defendant's unlawful actions have caused Springboard damage in an amount to be determined at an evidentiary hearing, *infra* at 17 ¶¶ 21-22.

20. Plaintiff's claim is for a sum certain or can be made certain by computation. FED. R. CIV. P. 55(b)(1); *Franchise Holding II, LLC*, 375 F.3d at 928-29.

21.     The damages are proved by Ruben C. DeLeon's sworn affidavit, attached as Exhibit C.

## MOTION TO SET HEARING

22.     Generally, in the context of a default judgment, an evidentiary hearing is required to determine the amount of unliquidated damages. *See James v. Frame,* 6 F.3d 307, 310 (5th Cir.1993).  A default judgment evidentiary hearing is necessary to determine costs, damages, and fees.  *Beachhead, L.P. v. Solar Night Indus., Inc.*, No. 3:08–cv–718–D, 2008 WL 4692856, at \*3 (N.D.Tex. Oct.23, 2008); see *Crawford v. Lee,* No. 3:10–cv–1499–L, 2011 WL 2115824, at \*4 (N.D.Tex. May 24, 2011)("A default judgment does not establish the amount of damages.").

23.     "Plaintiff bears the burden to bring forth competent evidence in support of the damages." *Dontos v. Vendomation NZ Ltd.*, Civ. A. No. 3:11-CV-553-K, 2015 WL 5311094, at \*3 (N.D. Tex. Aug. 24, 2015), *report and recommendation adopted*, Civ. A. No. 3:11-CV-553-K, 2015 WL 5319817 (N.D. Tex. Sept. 10, 2015); *Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.,* Civ. A. No. 3–08–cv–574–B, 2008 WL 3874673, at \*2 (N.D.Tex. Aug.13, 2008).

24.     Accordingly, Plaintiff moves for and requests a hearing wherein the Court may take evidence of damages.  (Ex. B.).

## CONCLUSION

25.     Defendant has in no way contradicted the facts alleged in Plaintiff's Complaint, accordingly, the facts establish liability.  Defendant has wholly defaulted in failing to defend, accordingly Plaintiff is entitled to an entry of default.  For these reasons, Plaintiff asks the Court to enter a default judgment in favor of Plaintiff for the sum of $480,000,000.00, pursuant to 15 U.S.C. § 1117(a), plus costs of court and postjudgment interest.

26.     Plaintiff also requests the entry of an injunctive relief order that Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with it, are immediately temporarily, preliminarily, and permanently enjoined from:

        a.      using the Springboard brand and Trademarks, including, but not limited to: manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Springboard

brand and Trademarks or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

     b.     engaging in any other activity constituting unfair competition with Springboard, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Springboard;

     c.     engaging in any other activity that would dilute the distinctiveness of the Springboard brand and Trademarks; and committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Springboard.

27.     Plaintiff further requests an order that Defendant:

     a.     recalls from any distributors and retailers, and to deliver to Springboard for destruction or other disposition all remaining inventory of Counterfeit Products, or other printed/published material bearing the Springboard brand and Trademarks, or any marks confusingly similar or substantially similar

thereto, including all advertisements, promotional and marketing materials therefore, as well as the means of making the same;

b.      file with this Court and serve on Springboard within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

c.      disclose it's supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

d.      Defendant account for of all gains, profits and advantages derived from their wrongful acts;

e.      awards Springboard all of Defendants' profits and all damages sustained by Springboard as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b);

f.      awards treble damages in the amount of Defendant's profits or Springboard's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

g.      awards applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

h.      awards Springboard statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

i.      awards Springboard punitive damages in connection with its state law claims; on account of Defendant's willful misconduct and fraud and deceit upon the public; and

j.      awards such other relief as may be just and proper.

Dated: March 23, 2017                    Respectfully Submitted,

**DELEON LAW GROUP PC**

**RUBEN C. DELEON**
**STATE BAR NO. 00790577**
**15851 DALLAS PARKWAY**
**SUITE 600**
**ADDISON, TEXAS 75001**
**TELEPHONE:  214-561-8687**
**FACSIMILE:    877-488-8983**

**ATTORNEY FOR PLAINTIFF**
**SPRINGBOARDS TO**
**EDUCATION, INC.**

## EXHIBIT A
## TO PLAINTIFF'S MOTION FOR ENTRY OF
## NO-ANSWER DEFAULT JUDGMENT AND MOTION TO SET HEARING

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. 3:16-cv-02512-D

**CLERK US DISTRICT COURT**
**NORTHERN DIST. OF TX**
**FILED**

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))* 2016 OCT 26  A 11: 52

This summons for *(name of individual and title, if any)* FAMILIES IN SCHOOLS  DEPUTY CLERK  RAN

was received by me on *(date)* 10/19/16        .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____. a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* OSCAR CRUZ                , who is designated

by law to accept service of process on behalf of *(name of organization)* FAMILIES IN SCHOOLS

_____ on *(date)* 10/19/16            ; or

☐ I returned the summons unexecuted because _____ ; or

☐ other *(specify)* _____

_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: 10/20/16

_____
Server's signature

R. HALL
_____
Printed name and title

1301 W 2ND, STE 204, LOS ANGELES, CA 90026
_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Springboards to Education Inc | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Families in Schools | ) |
| *Defendant* | ) |

Civil Action No. 3:16-cv-02512-D

## Summons in a Civil Action

**TO:** Families in Schools
    1545 WILSHIRE BLVD
    SUITE 700
    LOS ANGELES , CA 90017

A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

    Ruben DeLeon
    15851 Dallas Parkway
    Suite 600
    Addison , TX 75001

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

DATE: 10/18/2016

*Signature of Clerk or Deputy Clerk*

## EXHIBIT B
## TO PLAINTIFF'S MOTION FOR ENTRY OF
## NO-ANSWER DEFAULT JUDGMENT AND MOTION TO SET HEARING

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: 3:16-CV-02512-D |
| FAMILIES IN SCHOOLS | § | |
| | § | |
| Defendants. | § | |
| | § | |

### AFFIDAVIT IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT

I, Ruben C. DeLeon, being duly sworn, say:

1.    I am the attorney for plaintiff in the above action.

2.    A copy of the summons and complaint was served on Defendant on October

19, 2016, and the return of service of R. Hall, private process server, is on file in this

action.  (Dkt. 8.).

3.    Defendant Families in Schools has appeared, but has not answered in this

action, Defendant has filed correspondence but has not complied with an Order or the

Rules requiring Defendant to plead or file a defensive motion.

4.    I have personal knowledge of the calculated damages as alleged Exhibit C to

the underlying motion, which is incorporated by reference as if fully set forth herein.

Ruben C. DeLeon

SWORN TO and SUBSCRIBED before me by Ruben C. DeLeon on February 25, 2017

Neely McCarthy

Notary Public in and for

The State of Texas

NEELY MCCARTHY
Notary Public, State of Texas
Comm Expires 02-18-2020
Notary ID 12886363-9

# EXHIBIT C

Case 3:16-cv-02512-D   Document 15   Filed 03/24/17   Page 29 of 36   PageID 108

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-02512-D |
| | § | |
| FAMILIES IN SCHOOLS, | § | |
| Defendant. | § | |

## **PLAINTIFF'S AFFIDAVIT OF DAMAGES**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

Before me, the undersigned notary, on this day personally appeared Ruben C. DeLeon, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1.      "My name is Ruben C. DeLeon. I am an adult and of sound mind. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am the lead attorney in this case.

3.      I have personal knowledge of the calculated damages as alleged herein because I have:

      a.      met consistently with the Plaintiff and its staff to discuss, address and assess the volume and specific nature of Plaintiff's loss in sales;

      b.      reviewed Plaintiff's research files and materials pertaining to it's lost sales; and

      c.      sorted through Plaintiff's evidence.

I can and do hereby attest that the damages figure as alleged herein is supported by research and evidence.

4.      I have calculated the damages in this case to be $480,000,000.00.

5.      This number is calculated per my understanding and research of the market encompassing reading programs used in schools that employ the services of Defendant Families in Schools over the last four years.  Specifically, the number takes an average number of students per school multiplied by the average amount spent on a reading program multiplied by the number of schools Defendant itself claims to work with for the statutory reach back period multiplied by the number of years for the statutory reach back period as follows: SS x SRP x NS x RB, where

SS = average number of students per school

SRP = average amount in dollars spent on a reading program

NS = lowest number of schools Defendant admits / claims to work with

RB = years in reach back period

SS x SRP x NS x RB = 600 x 500 x 400 x 4

600 x $500 x 400 x 4 = $480,000,000.00

Case 3:16-cv-02512-D   Document 15   Filed 03/24/17   Page 31 of 36   PageID 110

Ruben C. DeLeon

SWORN TO and SUBSCRIBED before me by Ruben C. DeLeon on February 25, 2017

NEELY MCCARTHY
Notary Public, State of Texas
Comm. Expires 02-18-2020
Notary ID 12886363-9

Notary Public in and for

The State of Texas

**EXHIBIT D**
**TO PLAINTIFF'S MOTION FOR ENTRY OF**
**NO-ANSWER DEFAULT JUDGMENT AND MOTION TO SET HEARING**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

| | | |
|---|---|---|
| | § | |
| | § | |
| _____Springboards to Education Inc_____ | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _3:16-cv-02512-D_____ |
| | § | |
| | § | |
| | § | |
| _____Families in Schools_____ | § | |
| Defendant | § | |

## CLERK'S ENTRY OF DEFAULT

The record reflects that service of the complaint has been made upon the Defendant named below:

Families in Schools

_____

It appears from the record that service of the complaint has been made, that the Defendant has failed to answer or otherwise defend as directed within the time allowed, and that the Plaintiff has shown that failure through affidavit or otherwise.

Therefore, upon Plaintiff's request, DEFAULT is entered against the Defendant named above.

KAREN S. MITCHELL, CLERK
U.S. DISTRICT COURT


/s/ Erica Monk_____
By: Deputy Clerk on 2/22/2017

## EXHIBIT E
## TO PLAINTIFF'S MOTION FOR ENTRY OF
## NO-ANSWER DEFAULT JUDGMENT AND MOTION TO SET HEARING

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-02512-D |
| | § | |
| FAMILIES IN SCHOOLS, | § | |
| Defendant. | § | |

## PLAINTIFF'S AFFIDAVIT OF DEFENDANT'S MILITARY STATUS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned notary, on this day personally appeared Ruben C. DeLeon, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

     1.    "My name is Ruben C. DeLeon. I am an adult and of sound mind. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

     2.    I am the lead attorney in this case.

     3.    Defendant Families In Schools is not in the military. Defendant Families in Schools is an organization, an entity; it is not an individual. Entities cannot be service members. Because entities cannot be service members, and because Defendant Families In Schools is an entity, Defendant Families In Schools is not in the military."

Ruben C. DeLeon

SWORN TO and SUBSCRIBED before me by Ruben C. DeLeon on February __21__, 2017.

Notary Public in and for
the State of Texas

NEELY MCCARTHY
Notary Public, State of Texas
Comm. Expires 02-18-2020
Notary ID 12886363-9